# United States District Court
## Northern District of Indiana
### Hammond Division

| | |
|---|---|
| FUND RECOVERY SERVICES, LLC )<br>    )<br>   Plaintiff,      )<br>    )<br>v.      )<br>    )<br>RAVIV WOLFE    )<br>KATHERINE WOLFE   )<br>   Defendants,     ) | Civil Action No.: 2:21-cv-00093-PPS-JEM |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT**

Come now Defendants, Raviv Wolfe and Katherine Wolfe, by and through their counsel, Daniel L. Freeland & Associates, P.C., and hereby sets forth this Memorandum in Support of Motion to Dismiss Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6), and in support thereof states as follows:

**RELEVANT FACTS**

Plaintiff has set forth many "facts" to support its cause against the Wolfes, but most of the same are irrelevant and non-supportive of the relief it is seeking. The actual facts pled which are relevant to this action and support dismissal of this case are:

1. On September 25, 2020, FRS filed a lawsuit against Raviv and many other defendants in the United States District Court for the Northern District of Illinois, captioned as *Fund Recovery Services, LLC v. RBC Capital Markets, LLC, et al.*, Case No. 2-cv-5730 (N.D. Ill.) (The "RICO Lawsuit"), alleging multiple claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*., common law fraud, intentional

1

misrepresentations, breach of personal guaranty, and other claims (¶ 4, Complaint). The RICO Lawsuit alleges, among other things, that Raviv committed fraud and engaged in other acts of wrongdoing, constituting RICO and violation of various other laws, and seeks recovery of more than $238 million. (¶ 6, Complaint).

2. On February 20, 2013, Raviv and Katherine purchased the Vernon Woods Property. Both were listed on the deed. (¶ 7, Complaint).

3. On March 16, 2017, Raviv transferred to Katherine his ownership interest in the Vernon Woods Property. As a result, only Katherine is listed on the deed to that property since that date (¶ 15, Complaint).

4. Raviv made the transfer of his assets to his wife, Katherine, including but not limited to his interest in the Vernon Woods Property, and the transfer either left Raviv insolvent or otherwise significantly reduced the value of his estate. (¶ 18, Complaint).

5. As a result of the transfer of the Vernon Woods Property from Raviv and Katherine, to just Katherine, Plaintiff alleges the same was a fraudulent transfer pursuant to I.C. 32-18-2-14 and 15, and prays:

> WHEREFORE, with respect to Count I of this Complaint, FRS respectfully requests that this Court enter judgment in its favor and against Raviv Wolfe and Katherine Wolfe, and that the Court order: (1) the conveyance of the Vernon Hills Property be set aside as fraudulent vis-a-vis FRS; (2) the Wolfes to surrender the title to the Vernon Hills Property to the Clerk of the Court during the pendency of this action and/or the RICO Lawsuit; (3) after adjudication of FRS's claims against Raviv in FRS's favor, a judicial sale of the Vernon Hills Property, according to the law, free and clear of any right, title, lien, claim or interest of any of the Defendants herein, and that the proceeds from such sale be distributed to FRS; (4) an award of attorneys' fees and costs, punitive damages in an amount to be determined at trial; and (5) any further relief that the Court finds appropriate under the circumstances.

6. The Plaintiff does not seek an award of any money judgment against the Defendants in this case but rather seeks orders (1) setting aside what Plaintiff believes to be a fraudulent transfer of the subject property (2) requiring Defendants to turnover or "surrender the title" to the alleged fraudulently transferred real estate to the Clerk of this Court, (3) requiring the judicial sale of the subject real estate (without the foreclosure of any interest Plaintiff might have in the subject real estate) and (4) allowing an award of attorney fees and costs plus punitive damages.

7. The Plaintiff has made no allegation that Katherine is in any way obligated to Plaintiff on any contract or personal guaranty. Likewise, the Complaint specifically acknowledges Raviv and Katherine were married at all relevant times and held the Vernon Woods Property jointly, as tenants by the entireties before the alleged transfer.

## ARGUMENT

Plaintiff's Complaint seeks relief under the Indiana Uniform Fraudulent Transfer Act ("IUFTA"). (I.C. 32-18-2-14 & 15). While pled in two counts, there is only one alleged transfer underlying the claims pled. Plaintiff has not adequately pled the causes of action, nor requested cognizable relief, and thus has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6).

I. **Plaintiff Has Failed to Adequately Plead Actions under Sections 14 or 15 of IUFTA**.

Both Counts I and II of Plaintiff's Complaint are predicated solely on Sections 14 and 15 of the Indiana Uniform Fraudulent Transfer Act (IUFTA). I.C. 32-18-2-14 of the IUFTA provides in relevant part:

32-18-2-14. Voidable transfers and objections - Intent.

(a) A transfer made or an obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was

3

incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

\* \* \*

(c) A creditor making a claim for relief under this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

Similarly, I.C. 32-18-2-15 of the IUFTA provides in relevant part:

<u>32-18-2-15. Voidable transfers and objections - Claims arising before transfer or obligation.</u>

(a) A transfer made or an obligation incurred by a debtor is voidable as to a creditor, whose claim arose before the transfer was made or the obligation was incurred if:

(1) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation;

(2) the debtor:

(A) was insolvent at that time; or

(B) became insolvent as a result of the transfer or obligation.

(b) Subject to Section 12(d) [*IC 32-18-2-13(d)*]of this chapter, a creditor making a claim for relief under this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

Section 14 requires a showing of intent to make a fraudulent transfer, while Section 15 only requires a finding of constructive fraud, or lack of consideration, for fraudulent transfer to be found.

4

Under both sections the creditor making the claim has the burden of proving the elements of the claim for relief by a preponderance of the evidence. In this case, Plaintiff has failed to plead sufficient facts in its Complaint to state a claim for relief under IUFTA or for the relief that is being sought,

In Indiana, married couples who hold real estate jointly hold real estate as tenants by the entireties. Tenancies by the entireties is provided for under Indiana Statute. (I.C. 32-17-3-1, Estate by the Entireties) provides:

> (a) This section applies to a written contract in which a *husband* and *wife*:
>
> > (1) purchase real estate; or
> >
> > (2) lease real estate with an option to purchase
>
> (b) Except as provided in subsection (d), a contract described in subsection (a) creates an estate by the entireties in the *husband* and *wife*. The interest of neither party is severable during the marriage.

Tenancy by the entirety is a special form of joint tenancy that can only exist between a husband and a wife. *Powell v. Estate of Powell*, 14 N.E.3d 46 (Ind. App. 2014). By its nature, property owned in a tenancy by the entirety is immune to seizure and satisfaction of the individual debts of either husband or wife. I.C. 32-17-3-1; *Midwest Fed. Savings Bank v. Kerlin*, 672 N.E.2d 82 (Ind.App. 1996). This is because tenants by the entireties is premised on the legal fiction that husband and wife are a single entity. *Flatrock River Lodge v. Stouts*, 130 N.E.3d 96 (Ind.App. 2019), *citing Underwood v. Bunger*, 70 N.E.3d 338 (Ind. 2017). In *Underwood*, the Indiana Supreme Court found:

> A *tenancy by the entirety* exists only between spouses and is premised on the legal fiction that husband and wife are a single entity. *Indiana Dept of State Revenue v. Union Bank & Trust Co., 177 Ind. App. 632, 380 N.E.2d 1279, 1280 (Ind. Ct. App. 1978).* Once an *entireties* estate has vested, each spousal *tenant* "becomes seized of

> the entire estate, but neither is seized of any divisible part thereof". *Pension Fund of Disciples of Christ v. Gulley,* 226 Ind. 415, 419, 81 N.E. 2d 676, 678 (1948). An essential trait of this tenancy is that it "devolves upon the surviving spouse the ownership of the property *in* real estate, free and clear of the individual indebtedness of the other spouse." *Whitlock v. Public Service Co. of Ind.* 239 Ind. 680, 159 N.E.2d 280, 284 (Ind. 1959). When one spouse dies, the survivor, "being already seized of the whole, can acquire no new or additional interest due to the survivorship. *Kilgore,* 188 Ind. at 682, 125 N.E. at 459. Rather, the survivor "holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant." *Id*. (citation omitted).
>
> *Underwood*, 70 N.E.3d at 342.

The facts alleged by Plaintiff in its Complaint are that Raviv is (and was) obligated to Plaintiff based upon a personal guaranty that he, individually, provided guaranteeing payment of Argon's obligations to Plaintiff ("Raviv Guaranty"). (Plaintiff's Complaint, ¶ 5-6). It is not alleged that Katherine was or is in any way obligated on any debt to Plaintiff. The Raviv Guaranty was and is an individual debt owed by Raviv, and was and is not a marital debt owed by Raviv and Katherine jointly. The subject real estate that Plaintiff is attempting to recover as a result of an alleged fraudulent transfer, the Vernon Woods Property, was purchased on February 20, 2013, by Raviv and Katherine, as husband and wife, and both were listed on the deed to the property (Plaintiff's Complaint, ¶ 7). The Vernon Woods Property was held by Raviv and Katherine from February 20, 2013 through March 16, 2017, as tenants by the entireties (Plaintiff's Complaint, ¶ 15). Thus, the Vernon Woods Property was immune to seizure and satisfaction of the individual debts of either Raviv or Katherine in 2017.

Based upon this set of facts, Plaintiff has not stated a legal claim and has failed to show how the transfer of Raviv's interest in the Vernon Woods Property from Raviv and Katherine to Katherine was fraudulent as to the Plaintiff. At the time the transfer occurred in 2017, the Vernon Woods Property was jointly held by Raviv and Katherine as tenants by entireties and was exempt

from seizure and could not have been used to satisfy the debts of either Raviv or Katherine individually. *See* I.C. 34-55-10-2(c)(2). Plaintiff, as an individual creditor of Raviv, could not have attached or executed upon the Vernon Woods Property in order to satisfy the Raviv Guaranty debt. Had Plaintiff sued Raviv and obtained a judgment against him in 2017, no judgment lien would have attached to the Vernon Woods Property and Plaintiff could not have moved to use the same towards satisfaction of any such judgment. The Vernon Woods Property was legally exempt from process by the Plaintiff. This transfer could not, and did not, diminish the property available to Raviv's creditors, such as Plaintiff, so the transfer of the same could not be deemed fraudulent as to them.

In a case similar in facts to this case, *Lee v. Agnew (In re Agnew),* 818 F.2d 1284 (7th Cir. 1987), the Seventh Circuit applied the IUFTA to determine if a husband's transfer of proceeds from the sale of entireties property to his wife was a fraudulent transfer as to husband's individual creditors. The Court determined the transfer was not fraudulent, and held:

> This is consistent with a case relied upon by the district court below, which holds that a transfer may be found to be a fraudulent conveyance only if it reduces the assets that are actually available to a creditor. *In re MacDonald,* 50 B.R. 255, 258 (Bankr.D.Mass. 1985) (Husband's transfer of interest in entireties property to wife held not fraudulent as to husband's creditors). See also *Donvito v. Criswell*, 1 Ohio App.3d 53, 439 N.E.2d 467, 473 (1982) (Husband's quitclaim deed to wife conveying his interest in an estate by the entireties worked to terminate the estate by the entireties, vesting the grantee-spouse with an unqualified fee simple estate, to be held by her free and clear of any claims by creditors of her husband). It is also consistent with *Stamper v. Stamper*, 227 Ind. 15, 83 N.E.2d 184 (1949). The court in that case reviewed Indiana law and concluded that property that is exempt from execution may be transferred by the owner free from a creditor's claims, and in making the transfer the owner cannot be charged with defrauding his creditors or with intending to do so "'[I]t is impossible to conceive any logical ground upon which [the conveyance of] property not subject to the claims of creditors can be held to have been fraudulent[]. . . .'" *Id.,* 83 N.E.2d at 186 (quoting *Blair v. Smith*, 114 Ind. .114, 15 N.E. 817, 823 (1888).

> Furthermore, Lee Supply would have this Court reach the odd conclusion that Steven attempted to defraud his creditor by converting an exempt asset to a non-exempt

asset. The court below declined to embrace this position, and we decline to embrace it here. We hold that Steven's release of his interest in the proceeds of the sale of the house to Shirley, during the twelve month period prior to his petition for discharge in bankruptcy, was not a transfer with actual intent to defraud Lee Supply because Lee Supply could never have had a claim to the asset in the first place. It was exempt from execution before Steven relinquished it, and it remained exempt from being executed upon by Steven's creditors after he relinquished it.

*Agnew,* 818 F.2d at 1289.

Just as in the *Agnew* case, as a matter of law, Raviv's transfer to Katherine cannot warrant a finding that Raviv defrauded his individual creditors, either actually or constructively, including Plaintiff. Both Counts I and II of Plaintiff's Complaint fail to state a cognizable claim and Defendants therefore seek dismissal of all counts of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.    The Relief Requested in the Complaint is Not a Legally Recognized**

Counts I and II of Plaintiff's Complaint both seek the same relief, i.e., that this Court enter judgment in its favor and against Raviv Wolfe and Katherine Wolfe, and that the Court order: (1) the conveyance of the Vernon Woods Property[1] be set aside as fraudulent vis-a-vis FRS; (2) the Wolfes to surrender the title to the Vernon Woods Property to the Clerk of the Court during the pendency of this action and/or the RICO Lawsuit; and (3) after adjudication of FRS's claims against Raviv in FRS's favor, a judicial sale of the Vernon Woods Property, according to the law, free and clear of any right, title, lien, claim or interest of any of the Defendants herein, and that the proceeds from such sale be distributed to FRS.

Assuming *arguendo* the Court does not outright dismiss the Plaintiff's IUFTA claims and

---

[1] The Plaintiff's Complaint defines the property located at 571 Vernon Woods Dr., Valparaiso, Indiana, as the "Vernon Woods Property", but goes on to ask for relief on a "Vernon Hills Property"; Defendants assume this is a typo and the Vernon Woods Property is the property Plaintiff seeks recovery of.

8

finds the transfer of the Vernon Woods Property could legally constitutes a fraudulent transfer as to Plaintiff, the request for relief that Katherine and Raviv must surrender the Vernon Woods Property to the Clerk of the Court and Order a judicial sale is not relief available on the Complaint . Plaintiff has set forth no legal grounds for seeking this relief from the Court.

If the transfer of Raviv's interest in the Vernon Woods Property is set aside, the property would revert back to the status prior to the transfer, that being property held by Raviv and Katherine, husband and wife, tenants by the entireties. If this were done, then Plaintiff would be required to try and attach a lien against the property or file a supplemental proceeding to collect its individual judgment against Raviv against the Vernon Woods Property. Both Raviv and Katherine would be entitled to claim any and all exemptions in said property. Further, Katherine would not be stripped of her interest in the Vernon Woods Property, which she held as a tenant by entireties before the alleged fraudulent transfer was made.

The relief requested by Plaintiff is the equivalent to the relief requested in a proceeding supplementary to execution action (post judgment) or a prejudgment attachment action. The Plaintiff sets forth in its Complaint that it has a RICO Lawsuit pending against Raviv in Illinois. (¶ 4-6, Complaint). Plaintiff seeks a finding that the transfer of the Vernon Woods Property was fraudulent and an order allowing it to be used to satisfy any future judgments that might be entered in the RICO Lawsuit against Raviv. It is unclear if this request should be treated as one for a proceeding supplemental or prejudgment attachment. Either way, Plaintiff is not entitled to the relief it is seeking.

Under Indiana law, a proceeding supplemental to execution is an independent action related to, but not part of, the original case in which the judgment sought to be collected by the judgment

creditor was rendered.  *In re: U.S. Marketing Concepts, Inc.*, 113 B.R. 487 (Bankr. N.D. Ind. 1990), citing *Mitchell v. Godsey*, 222 Ind. 527, 53 N.E.2d 150, 154 (1994).  A proceeding supplemental is designed to discover and reach property which can be made available for the satisfaction of the judgment.  *Union Bank and Trust Co. of Kokomo v. Vandervoort,* 122 Ind. App. 252, 101 N.E.2d 724, 727 (1951).  In this case, it is not alleged in the Complaint that there has been any judgment entered against either Raviv and/or Katherine prior to bringing this case.  Thus, the relief being sought, the turnover of the Vernon Woods Property and its sale, is not relief that is available to Plaintiff at this time and Plaintiff's Complaint, therefore, fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 12(b)(6).

Similarly, under the Federal Rules, prejudgment attachment can only be allowed under the circumstances and in the manner provided by state law.  Federal Rule of Civil Procedure 64; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70*, 415 U.S. 423, 437 n.10, 94 S.Ct. 1113 (1974).  Plaintiff's request to have the Vernon Woods Property be surrendered and held by the Clerk of this Court pending a judgment being entered against Raviv in the RICO Lawsuit, is in reality a request for a prejudgment attachment of property in a case wholly separate from the one in which Plaintiff seeks the money judgment.  Plaintiff has cited no authority for this request or legal basis for this Court to be able to enter any such relief.  In fact, Indiana Statutes and case law specifically prohibit it.  Indiana Code 34-25-2-1, Attachment of Property, provides:

> **34-25-2-1. Attachment of property.**
>
> (a) At or after the time of filing a complaint, the plaintiff may have an attachment against the property of the defendant.  In the cases described in subsection (b) and in the manner described in this chapter.
>
> (b) The plaintiff may attach property when the action is for the recovery of money and the defendant:

(1) is, or one (1) of several defendants is, a foreign corporation or a nonresident of Indiana;

(2) is, or one (1) of several defendants is, secretly leaving or has left Indiana with intent to defraud:

    (A) the defendant's creditors;

    (B) the state;

    (C) a municipal corporation;

    (D) a political subdivision; or

    (E) a school corporation ( as define in I.C. 20-18-3-16(c):

(3) is concealed so that a summons cannot be served upon the defendant;

(4) is removing or about to remove the defendant's property subject to execution, or a material part of the property, outside Indiana, not leaving enough behind to satisfy the plaintiff's claim;

(5) has sold, conveyed or otherwise disposed of the defendant's property subject to execution, or permitted the property to be sold with the fraudulent intent to cheat, hinder, or delay:

    (A) the defendant's creditors;

    (B) the state;

    (C) a municipal corporation;

    (D) a political subdivision; or

    (E) a school corporation as defined in IC 20-18-2-16(c); or

(6) is about to sell, convey, or otherwise dispose of the defendant's property subject to execution with the fraudulent intent to cheat, hinder, or delay:

    (A) the defendant's creditors;

    (B) the state;

    (C) a municipal corporation;

> (D) a political subdivision; or
>
> (E) a school corporation as defined in IC 20-18-2-16(c).
>
> (c) The plaintiff is entitled to an attachment for the causes mentioned in subsection (b)(2), (b)(4), (b)(5) and (b)(6) whether the cause of action is due or not.

Indiana Code § 34-25-2-4 requires the plaintiff "make an affidavit showing" (1) the nature of its claim, (2) that the claim is just, (3) the amount that he ought to recover, and (4) that one of the grounds for attachment in Indiana Code § 34-25-2-1(b). There is no common law writ or remedy of pre-judgment attachment in Indiana. *Rodde v. Hollweg*, 49 N.E. 282, 283 (Ind.App. 1898). The only prejudgment attachment in Indiana is statutory and is found in I.C. 34-25-2-1.

This case was not brought seeking a money judgment against either Defendant, as is required under I.C. 34-25-2-1(b)(2), for a prejudgment attachment to be ordered. If Plaintiff is seeking a prejudgment attachment in its RICO Lawsuit against Raviv, it would need to bring any such prejudgment attachment motions in that case. Plaintiff has made no attempt to meet the standards required under Indiana law for prejudgment attachment.

Neither a prejudgment attachment, nor a proceeding supplemental to execution request or motion, is a stand alone cause of action. Both must be tethered to an action seeking a money judgment against the named defendants. Because Plaintiff has failed to sufficiently plead or state a cause of action that supports the relief being sought, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed and for all other just and proper relief.

>Respectfully submitted:
>
>DANIEL L. FREELAND & ASSOCIATES, P.C.
>
>**/s/ Daniel L. Freeland**
>DANIEL L. FREELAND
>Attorney for Defendants, Wolfe
>9105 Indianapolis Blvd.
>Highland, IN 46322
>219.922.0800
>dlf9601@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of November 2021, a copy of the attached was filed electronically with the Clerk of the Court using the CM/ ECF System, which sent notification of such filing to all counsel of record.

>/s/ Daniel L. Freeland
>Daniel L. Freeland