UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FUND RECOVERY SERVICES, LLC,   )<br>      Plaintiffs,              )<br>                                )<br>   v.                           )<br>                                )<br>RAVIV WOLFE and                 )<br>KATHERINE WOLFE,                )<br>      Defendants.              ) | CAUSE NO.: 2:21-CV-93-JEM |

**OPINION AND ORDER**

This matter is before the Court on Motion to Dismiss Complaint [DE 32], filed by Defendants on November 10, 2021. Plaintiff filed a response on January 19, 2022, and on January 26, 2022, Defendants filed a reply. The Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.     Background

Plaintiff, the assignee of a creditor to whom Defendant Raviv Wolfe purportedly owes money, filed a Complaint on March 15, 2021. It included claims against Defendants for actual and constructive fraudulent conveyances of his interest in certain real property ("Vernon Woods Property") by Raviv to his wife, Katherine Wolfe, in violation of the Indiana Uniform Fraudulent Transfer Act, Ind. Code §§ 32-18-2-1 *et seq*. ("IFTA"). Plaintiff alleges that Raviv transferred his interest in real estate held jointly with Katherine to Katherine as sole owner on March 16, 2017, after entities for which Raviv was a personal guarantor had filed for bankruptcy protection.

Defendants filed a motion to dismiss the Complaint on the basis that because Raviv and Katherine are married, the real property was held as tenants in the entirety, and consequently would not have been available to satisfy the debts of only one of them, and the transfer cannot therefore be a fraudulent transfer under the IFTA. Defendants also argue that the Complaint is an attempt to

1

effectuate a prejudgment attachment of the Vernon Woods Property and is subject to dismissal on that basis as well. Plaintiff argues that the presumption of an estate by the entireties, with its concomitant protection of the Vernon Woods Property from seizure to satisfy the debts of only Raviv, may be rebutted, and therefore dismissal is improper. Plaintiff also argues that it is not seeking a prejudgment attachment of the Vernon Woods Property.

## II. Standard of Review

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). In ruling on a motion to dismiss, a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Twombly*, 550 U.S. at 555-56; *Tamayo*, 526 F.3d at 1082.

## III. Analysis

Defendants argue that the actual and constructive fraudulent conveyance claims fail because the real property would not have been subject to being used to satisfy the debts of only one spouse under Indiana law, since it was real property held by spouses as tenants by the entirety. They also argue that the relief sought makes the Complaint one for a prejudgment attachment, and as such is prohibited.

Plaintiff alleges that the March 16, 2017, transfer of Raviv's interest in the Vernon Woods Property to Katherine was an actual and a constructive fraudulent transfer in violation of the IFTA, and therefore voidable as to Plaintiff, a creditor of Raviv. Defendants argue that the Complaint does not state a claim on which relief can be granted because the property transfer was not fraudulent, since the Vernon Woods Property was not subject to claims by creditors of only one spouse under the provisions of the Indiana Estates by the Entirety Act ("IEEA"), Ind. Code § 32-17-3-1. Plaintiffs respond that the IEEA creates a rebuttable presumption of a tenancy by the entirety and the issue of whether the presumption can be rebutted in this case involves deciding questions of fact.

The ITFA provides that certain transfers made by a debtor are voidable as to a creditor. If the transfer was made with intent to hinder, delay, or defraud any creditor, it is voidable. Ind. Code. 32-18-2-14(a)(1). If the transferor did not receive reasonable value for the transfer and the debtor was engaged in a business for which his remaining assets were unreasonably small in relation to that business, or the transferor incurred debts beyond his ability to pay, it is also voidable. Ind. Code § 32-18-2-14(a)(2). The ITFA also provides that transfers are also voidable if the claim arose before the transfer and the debtor made the transfer without receiving reasonably equivalent value and the debtor was insolvent at the time or became insolvent as a result of the transfer. Ind. Code. § 32-18-2-15. The creditor asserting that the transfer is voidable bears the burden of proof by a preponderance of the evidence. Ind. Code §§ 32-18-2-14(c) and 15(b).
Ind. Code § 32-18-2-15.

Tenants by the entirety is a special form of ownership of real property, reserved for husband and wife based on the legal fiction that a husband and wife are a single entity. *Underwood v. Bunger*, 70 N.E. 3d 78 (Ind. 2017); *Flatrock River Lodge v. Stouts*, 130 N.E. 3d 96 (Ind. App.

3

2019). It protects real property from being seized to satisfy the debts of only one of the spouses. *Midwest Fed. Savings Bank v. Kerlin*, 672 N.E. 2d 82 (Ind. App. 1996). In Indiana, ownership of real property by a husband and wife creates a presumption of a tenancy by the entirety, which is rebuttable by either a contract which states otherwise, or a contract which implies otherwise. Ind. Code § 32-17-3-1(d).

Defendants argue that, as drafted, the Complaint must be dismissed, because Plaintiff has not alleged the facts necessary to overcome the presumption of the creation of an estate by the entireties. However, that holds Plaintiff to a higher pleading standard than required by the Federal Rules of Civil Procedure. Fed. R. Civ. P 8(a)(2); *Twombly*, 550 U.S. at 555-56; *Tamayo*, 526 F.3d at 1082. Because Plaintiff may be able to prove that the presumption of a tenancy by the entirety is rebutted by the contract for the purchase of the Vernon Woods Property, there is a set of facts on which the Plaintiff could prevail, and dismissal would be improper. S*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants also argus that Plaintiff is improperly seeking a prejudgment attachment of the asset, but the Court does not read the Complaint as seeking prejudgment attachment. The relief sought by Plaintiff, including setting aside the transfer and a judicial sale, is not sought on a pre-judgment basis, but is a request for a form of relief following the Court's determination of whether the transfer was indeed fraudulent. Dismissal on that basis is therefore not warranted. The relief sought of "surrender the title" during the pendency of this action would be in the nature of injunctive relief and would require appropriate motions by Plaintiff to raise to the level of seeking prejudgment relief, which has not been done.

Finally, since Plaintiff may prove a set of facts which would permit it to rebut the presumption of a tenancy by the entirety, the Court need not consider the arguments raised by the

parties as to whether the estate would be exempt from seizure by creditors of one spouse at this time.

## IV.   Conclusion

For the foregoing reasons, the Court hereby **DENIES** Motion to Dismiss Complaint [DE 32] and **ORDERS** Defendants to file an Answer to the Complaint on or before March 17, 2022.

SO ORDERED this 17th day of February, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record