# United States District Court
## Northern District of Indiana
### Hammond Division

| | |
|---|---|
| FUND RECOVERY SERVICES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:21-cv-00093-PPS-JEM |
| ) | |
| RAVIV WOLFE ) | |
| KATHERINE WOLFE ) | |
| Defendants, ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Come now Defendants, Raviv Wolfe and Katherine Wolfe, by counsel, and for their Answer to Plaintiff's Complaint, state as follows:

1. Faced with multimillion dollar claims based on a personal guarantee of repayment of funds lent by Princeton to one or more entities that Raviv owned and/or controlled, Raviv transferred certain assets to his wife, Katherine, including certain real property located at 571 Vernon Woods Drive, Valparaiso, Indiana 46385-9106; PIN: 64-09-03-276-001.000-003 ("Vernon Woods Property"), just months after those entities filed for bankruptcy protection. Raviv made the transfers, and Katherine accepted them, for the purpose of avoiding the debt that Raviv owed to Princeton. Defendants' conduct constitutes actual and constructive fraud under the Indiana Uniform Fraudulent Transfer Act, §§ 32-18-2-1 *et seq.* Princeton seeks to set aside the transfer and have Defendants surrender title to the assets, including the deed to the Vernon Woods Property, to the Clerk of the Court, pending adjudication of the underlying claims Princeton has asserted against Raviv, with

1

appropriate remedy once those claims are adjudicated in Princeton's favor. Princeton also seeks an award of punitive damages, interest, attorneys' fees and costs, in amounts to be determined at trial.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 1 of Plaintiff's Complaint.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). FRS is a limited liability company organized under the laws of Delaware, with its principal place of business located in Princeton, New Jersey. None of FRS's members or managers are residents or citizens of Indiana or Illinois. Upon information and belief, Raviv is a citizen of Illinois who resides in Chicago, and Katherine is a citizen of Indiana who resides at the Vernon Woods Property. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as the value of the Vernon Woods Property exceeds $75,000.00.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 2 of Plaintiff's Complaint.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2), because the lawsuit involves actions that took place in, and property that is located within, the Northern District of Indiana.

**ANSWER:** Defendants the admit the allegations contained in Rhetorical Paragraph 3 of Plaintiff's Complaint.

4. On September 25, 2020, FRS filed a lawsuit against Raviv and many other defendants in the United States District Court for the Northern District of Illinois, captioned as *Fund Recovery Services, LLC v. RBC Capital Markets, LLC, et al.,* Case No. 20-cv-5730 (N.D. Ill.) (the "RICO Lawsuit"), alleging multiple claims for violations of the Racketeer Influenced and Corrupt

2

Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, common law fraud, intentional misrepresentations, breach of personal guaranty, and other claims. FRS is seeking damages of $238,014,066.18 in the RICO Lawsuit.

**ANSWER:** Defendants admit the allegations contained in Rhetorical Paragraph 4 of Plaintiff's Complaint.

5. Raviv was the CEO and a member of the Board of Managers for, and a partial owner of, Argon Credit, LLC ("Argon Credit"), and Argon X, LLC ("Argon X") (collectively, the "Argon Entities"). Raviv, as an individual owner and member of Argon Credit, provided a limited personal guaranty, (the "Personal Guaranty") of Argon X's obligations under a certain revolving note ultimately assigned to FRS which guaranteed the full, prompt and unconditional payment of Argon X's liabilities and obligations under the applicable loan agreements assigned to FRS.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 5 of Plaintiff's Complaint.

6. Argon X had a total lending limit of $37,500,000, and the approximate balance owed by Argon X in December 2016 was $37 million, which Raviv had guaranteed. The RICO Lawsuit alleges, among other things, that Raviv committed fraud and engaged in other acts of wrongdoing, constituting RICO and violation of various other laws, and seeks recovery of more than $238 million.

**ANSWER:** Defendants have insufficient information to admit or deny the allegations contained in Rhetorical Paragraph 6 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

7. On February 20, 2013, Raviv and Katherine purchased the Vernon Woods Property. Both

3

were listed on the deed.

**ANSWER:** Defendants admit they were both listed on the deed, but deny the allegation contained in Rhetorical Paragraph 7 to the extent it fails to acknowledge the Corporate Warranty Deed transferred the Vernon Woods Property to Raviv Y. Wolfe and Katherine C. Wolfe, Husband and Wife.

8. By no later than November 11, 2015, Raviv knew that the Argon Entities were insolvent, and that the Argon business model was unsustainable.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 8 of Plaintiff's Complaint.

9. As of January 31, 2015, Argon Credit's liabilities exceeded its assets. Each month of operations during 2015 increased Argon Credit's negative equity. According to an independent accountant's report, as of December 31, 2015, Argon Credit had negative equity of $11,285,946.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 9 of Plaintiff's Complaint.

10. The Argon Entities hid their financial problems and provided false and inflated financial information to PAIF as their lender during 2016. On or about December 7, 2016, the Argon Entities finally informed PAIF about their over-inflated financials. Immediately upon receiving this information, PAIF provided the Argon Entities with notice of its intent to call the loan by letter to Raviv, dated December 7, 2016.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 10 of Plaintiff's Complaint.

11. The December 7, 2016 letter demanded immediate payment of $37,017,774.97, which

represented the then-total outstanding principal and interest on the loan agreement and stated that the basis for the event of default was "Borrower's admitted and intentional failure to provide full and accurate financial information pursuant to the Loan Agreement, constituting an Event of Default under the Loan Agreement." Raviv, along with many others who owned and managed the Argon Entities, assisted in keeping two sets of books and records - one set for internal control purposes and the other fraudulent set for submission to their lender that would permit the Argon Entities the ability to continue borrowing against the loan (a revolving note), at a time when, if PAIF had been fully informed, PAIF would have called the revolving note.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 11 of Plaintiff's Complaint.

12. An independent accounting firm noted that, as of December 31, 2015, the Argon Entities had suffered recurring losses from operations and had incurred a net loss of $11,208,780 for the year ended December 31, 2015, and that "[t]he events and circumstances described above create substantial doubt about the Company's ability to continue as a going concern."

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 12 of Plaintiff's Complaint.

13. On December 7, 2016, pursuant to the loan agreement, PAIF assigned all of its right, title and ownership interest in, and claims to the operative loan agreement, all other financing agreements, and the Secured Collateral (as defined in the loan agreement), to FRS. PAIF's assignment to FRS included the assignment of all right, title, and ownership interest in, and claims to any and all other agreements between PAIF and the Argon Entities. Notice of same was provided to Raviv. *See* Exhibit A hereto.

**ANSWER:** Defendants have insufficient information to admit or deny the allegations contained in Rhetorical Paragraph 13 of Plaintiff's Complaint, as the document attached as Exhibit "A" is illegible, and therefore denies same and demands strict proof thereof.

14. On December 16, 2016, the Argon Entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, captioned as *In re: Argon Credit, LLC et al.,* Case No. 16-39654 (jointly administrated) (N.D. Ill. 2016) (the "Argon Bankruptcy"). On January 11, 2017, the Argon Bankruptcy was converted from a chapter 11 bankruptcy to a chapter 7 bankruptcy.

**ANSWER:** Defendants admit the allegations contained in Rhetorical Paragraph 14 of Plaintiff's Complaint.

15. On March 16, 2017, just months after the filing of the Argon Bankruptcy, Raviv transferred assets to Katherine, including but not limited to his ownership interest in the Vernon Woods Property. As a result, only Katherine is listed on the deed to that property since that date.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 15 of Plaintiff's Complaint.

**CAUSES OF ACTION**

**COUNT I**
**Actual Fraudulent Conveyance - Ind. Code § 32-18-2-14**

16. Defendants incorporate by reference their responses to Paragraphs 1-15 of Plaintiff's Complaint as if fully set forth herein.

17. Section 14 of the Indiana Uniform Fraudulent Transfer Act (the "IUFTA") provides in pertinent part as follows:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

6

> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

Ind. Code § 32-18-2-14.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Rhetorical Paragraph 17 of Plaintiff's Complaint, the statute speaks for itself.

18. Raviv made the transfer of his assets to his wife, Katherine, including but not limited to his interest in the Vernon Woods Property, during the pendency of the Argon Bankruptcies, which had been converted from a Chapter 11 to a Chapter 7 because the Argon Entities could not meet the requirements for reorganization under Chapter 11, and the transfer either left Raviv insolvent or otherwise significantly reduced the value of his estate. The transfers occurred in secret and in a hurried transaction, not in the usual mode of doing business, immediately after the Argon Bankruptcy filing. It was a transaction differing from customary methods, and, at the time, still afforded Raviv the benefits over the transferred property. Upon information and belief, there was no consideration for the transfer, and it was obviously between family members.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 18 of Plaintiff's Complaint.

## COUNT II
### Constructive Fraudulent Conveyance - Ind. Code § 32-18-2-15

19. Defendants incorporate by reference their responses to Paragraphs 1-18 of Plaintiff's Complaint as if fully set forth herein.

20. The IUFTA provides that a constructive fraudulent transfer occurs when:

A transfer made or an obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:

(1) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(2) the debtor:

    (A) was insolvent at that time; or

    (B) became insolvent as a result of the transfer or obligation.

Ind. Code § 32-18-2-15.

**ANSWER:** Defendants neither admit nor deny the allegations contained in Rhetorical Paragraph 20 of Plaintiff's Complaint, the statute speaks for itself.

21. Upon information and belief, Raviv received nothing in return for transferring his interest in the Vernon Hills Property to Katherine, and Raviv was insolvent at the time he made this transfer to Katherine.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 21 of Plaintiff's Complaint.

22. Raviv had a personal guaranty on a loan balance of $37,017,774.97, and the Argon Entities were insolvent and had filed a bankruptcy petition prior to the transfer. Raviv thus knew that the Argon Entities could not possibly repay the loan balance. Raviv also knew that he could not repay the loan balance. Moreover, Raviv knew he had engaged in fraud and other wrongful acts that would subject himself to personal liability in amounts that far exceeded his assets and ability to pay.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 22 of Plaintiff's Complaint.

**WHEREFORE**, Defendants pray that Plaintiff take nothing by way of its Complaint, for their cost herein expended, and for all other just and proper relief in the premises.

Respectfully submitted,

**DANIEL L. FREELAND & ASSOCIATES, P.C.**

/s/ Daniel L. Freeland
Daniel L. Freeland
9105 Indianapolis Blvd.
Highland, Indiana 46322
(219) 922-0800

## AFFIRMATIVE DEFENSES

Come now Defendants, Raviv Wolfe ("Wolfe") and Katherine Wolfe ("Katherine"), by counsel, and for their Affirmative Defenses state as follows:

1. Defendants now deny all allegations in the Complaint which have not been specifically admitted, denied or controverted.

2. Defendants reserve the right to assert additional affirmative defenses as may be developed during the course of discovery.

3. Plaintiff has failed to state a claim upon which relief can be granted, by reason of the following:

   (a) Defendants purchased the Vernon Woods Property on February 13, 2013, and the same was deeded to them as husband and wife. Inasmuch as the Vernon Woods Property was held as tenants by entireties by the Defendants, and Plaintiff has no claim against Katherine, the subject property was never subject to attachment by Plaintiff and any transfer of Raviv's interest in the property to Katherine could not be fraudulent and does not form a basis for the claims advanced in Plaintiff's Complaint.

   (b) Even if Raviv fraudulently transferred his interest in the Vernon Woods Property to Katherine, if the transfer was to be undone, the Vernon Woods Property would revert back to Raviv and Katherine, husband and wife, and Katherine's interest in the Vernon Woods Property would not be subject to the claims of the Plaintiff. Plaintiff's requested relief that the Wolfes "surrender the title to the Vernon Hills Property to the Clerk of the Court...and after adjudication of FRS's claims against Raviv in FRS's favor, a judicial sale of the Vernon Hills Property" has no legal basis and fails to state a legally cognizable claim.

   (c) Plaintiff is attempting to circumvent the collection procedures of the Court, and Indiana law, by bringing this fraudulent transfer action before it has a judgment against Raviv. To the extent Plaintiff is attempting a prejudgment attachment, Plaintiff has failed to state a claim under Indiana law. Plaintiff has no judgment lien that can be foreclosed.

4. Plaintiff is equitably estopped from making claims by reason of its actions and inactions herein. Plaintiff is attempting to collect a judgment that has not been entered in the RICO Lawsuit pending in Illinois.

5. That the Plaintiff failed to state claims for which relief is available.

6. That the Plaintiff alleged a damage that it is not legally entitled to.

**WHEREFORE**, Defendants pray Plaintiff take nothing by way of its Complaint, for their costs herein expended, and for all other just and proper relief.

Respectfully submitted:

**DANIEL L. FREELAND & ASSOCIATES, P.C.**

/s/ Daniel L. Freeland
Daniel L. Freeland
Attorney for Defendants
9105 Indianapolis Blvd.
Highland, IN 46322
(219) 922-0800

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March 2022, a copy of the attached was filed electronically with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

/s/ Daniel L. Freeland
Daniel L. Freeland

11