UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PRINCETON ALTERNATIVE INCOME FUND LP,<br>      Plaintiff,<br><br>            v.<br><br>RAVIV WOLFE and<br>KATHERINE WOLFE,<br>      Defendants. | )<br>)<br>)<br>)<br>)    CAUSE NO.: 2:21-CV-93-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 71], filed by Defendants on January 29, 2024. Plaintiff filed a response on March 7, 2024, and on March 19, 2024, Defendants filed a reply.

**I.     Background**

Plaintiff, the assignee of a creditor to whom Defendant Raviv Wolfe purportedly owes money, filed a Complaint on March 15, 2021. It includes claims against Defendants for actual and constructive fraudulent conveyances of Raviv's interest in certain real property ("Vernon Woods Property") to his wife, Katherine, in violation of the Indiana Uniform Fraudulent Transfer Act, Ind. Code §§ 32-18-2-1 *et seq*. ("IFTA"). Plaintiff alleges that Raviv fraudulently transferred his interest in real estate held jointly with Katherine to Katherine as sole owner on March 16, 2017, after entities for which Raviv was a personal guarantor had filed for bankruptcy protection.

Defendants' motion to dismiss the Complaint was denied on February 17, 2022. The case was thereafter stayed for settlement discussions. The stay was lifted on December 7, 2023, and on January 29, 2024, Defendants filed the instant motion for summary judgment. Defendants argue

1

that they are entitled to judgment on all Claims because Plaintiff has failed to establish that the disputed transfer was voidable.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*,

588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III. Material Facts

In December 2012, Raviv and Katherine entered into a contract to purchase the Vernon Woods Property. The property was conveyed to them via a deed dated February 13, 2013, and recorded December 20, 2013. The deed conveyed the Vernon Woods Property to "Raviv Y. Wolfe and Katherine C. Wolfe, Husband and Wife." On March 16, 2017, Raviv transferred his ownership interest in the Vernon Wood Property to Katherine.

During the course of this litigation, Raviv has identified himself as a resident of Chicago, Illinois. Between January 2018 and July 2019, Raviv received at least some of his bank statements at a Chicago, Illinois address. During the Defendants' dissolution of marriage proceedings, Raviv was identified as being a resident of Chicago, Illinois.

### IV. Analysis

Plaintiff alleges that the March 16, 2017, transfer of Raviv's interest in the Vernon Woods Property to Katherine was an actual and a constructive fraudulent transfer in violation of the Indiana Uniform Fraudulent Transfer Act, Ind. Code §§ 32-18-2-1 *et seq*. ("IFTA"), and therefore voidable as to Plaintiff, a creditor of Raviv. Defendants argue that, prior to the March 16, 2017, transfer, the Vernon Woods Property was held as tenants by the entirety by default under the

relevant Indiana statute and therefore it would not have been available to satisfy debts of Defendant Raviv individually.

Defendants argue that summary judgment is warranted on both the actual and constructive fraudulent conveyance claims because Plaintiff cannot prove (a) that it is a creditor; (b) that the transfer of the Vernon Woods Property from tenancy by entirety to Katherine reduced the assets available to Raviv's creditors; and (c) that there was either fraudulent intent or a lack of consideration for the transfer. Plaintiff argues that summary judgment is inappropriate because there is a question of fact as to whether Raviv was domiciled in Indiana at the time of the transfer, which is crucial to determining whether the Vernon Woods Property was exempt from being available to satisfy debts of Raviv alone. Plaintiff also argues that it is a creditor, and that there was both fraudulent intent on Raviv's part and a lack of consideration for the transfer.

Prior to the March 2017 transfer of the Vernon Woods Property, Defendants assert, and Plaintiff does not now dispute, that Raviv and Katherine held the property as tenants by the entirety. Tenants by the entirety is a special form of ownership of real property, reserved for husband and wife based on the legal fiction that a husband and wife are a single entity. *Underwood v. Bunger*, 70 N.E. 3d 338 (Ind. 2017); *Flatrock River Lodge v. Stouts*, 130 N.E. 3d 96 (Ind. App. 2019). It protects real property from being seized to satisfy the debts of only one of the spouses. *Midwest Fed. Savings Bank v. Kerlin*, 672 N.E. 2d 82, 85 (Ind. App. 1996). In Indiana, ownership of real property by a husband and wife creates a presumption of a tenancy by the entirety, which is rebuttable by either a contract that states otherwise or a contract that implies otherwise. Ind. Code § 32-17-3-1(d).

Plaintiff argues that there is a question of fact as to whether Raviv was domiciled in Indiana at the time of the transfer of his interest in Vernon Woods Property to Katherine. If he was not

4

domiciled in Indiana, Plaintiff argues, then the Vernon Woods Property could be used to satisfy the debts of Raviv individually, despite the property being held as tenancy in the entirety. If the Vernon Woods Property was not exempt from satisfying Raviv's individual debts, its transfer to Katherine reduced the assets available to satisfy Raviv's debts and, as a consequence, is voidable under Indiana law. Ind. Code. 32-18-2-14(a); Ind. Code. § 32-18-2-15. If Raviv was domiciled in Indiana in March 2017, then the Vernon Woods Property was exempt from satisfying Raviv's debts, and the transfer was not fraudulent. The creditor asserting that the transfer is voidable bears the burden of proof by a preponderance of the evidence. Ind. Code §§ 32-18-2-14(c) and 15(b). Defendants argue that Plaintiff has failed to meet its burden to prove that the Vernon Woods Property was not exempt from satisfying Raviv's individual debts because it has not shown that Raviv domiciled somewhere other than Indiana at the time of that transfer.

Indiana state law provides that certain property of a debtor domiciled in Indiana is exempt from being used to satisfy debts. Indiana Code § 55-10-2(c). The exempt property includes: "any interest that the debtor has in real estate held as a tenant by the entireties." Indiana Code § 55-10-2(c)(5). Thus, as Raviv is the purported debtor, if he was domiciled in Indiana at the time the property was transferred, since the property was held as tenants by the entireties, then the property is exempt from being used to satisfy debts and neither of Plaintiff's claims can succeed. *Mahl v. Aaron*, 809 N.E.2d 953, 958 (Ind. Ct. App. 2004) ("The statute unambiguously limits exemptions to Indiana domiciliaries."). Accordingly, Plaintiff must show that Raviv was not domiciled in Indiana at the time of the transfer, since if he was an Indiana domiciliary Defendants would be entitled to claim the Vernon Woods Property as exempt from being used to satisfy Raviv's debts, the transfer would not be voidable under the IFTA, and Defendants would be entitled to summary judgment.

5

In April 2021, Raviv filed his initial pleading in this case [DE 8], with an address in Chicago, Illinois, with the same address in his initial disclosures [DE 22] a few months later. From December 2017 through August 2019, he listed a Chicago, Illinois address, for banking purposes. Pl. Br. Ex. 9 [DE 81-1]. In March 2020, Raviv identified himself as a resident of Porter County, Indiana, when he filed for a dissolution of marriage from Katherine. Pl. Br. Ex. 11 [DE 81-1]. Katherine, in her counter-petition for a dissolution of marriage filed approximately two weeks later, asserted that Raviv was a resident of Chicago, Illinois. Pl. Br. Ex. 13 [DE 81-1]. A court order entered on May 31, 2020, in the dissolution of marriage action states that Raviv resided in Chicago. Pl. Br. Ex. 12 [DE 81-1]. Plaintiff argues that these various pleadings with Illinois addresses creates a question of fact as to Raviv's domicile at the time of the transfer of the Vernon Woods Property in March 2017. Plaintiff has not included any evidence that Raviv resided outside of Indiana prior to December 2017.

Defendants argue that because Plaintiff has failed to prove that Raviv was domiciled outside of Indiana at the time of the property transfer in March 2017, Plaintiff cannot establish that the tenancy by the entirety property was subject to a lien for Raviv's individual debts. Plaintiff argues that the fact that Raviv has indicated that he lived in both Illinois and Indiana at different times creates a question of fact for the jury to decide as to whether Raviv was an Indiana domiciliary at the time of the transfer of his interest in the Vernon Woods Property. If Plaintiff could have executed against the property in March 2017 because Raviv was not domiciled in Indiana, then Raviv's transfer of the property could have been one which reduced assets available to his creditors and be voidable under Ind. Code. 32-18-2-14(a). As a result, Plaintiff argues that because only Indiana domiciliaries are entitled to the protection of the exemption for tenancy by

6

the entirety property, the factual question of Raviv's domicile in March 2017 must be resolved before the issue of whether the transfer was fraudulent, and therefore voidable, can be resolved.

The Court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party, *Liberty Lobby,* 477 U.S. at 255, and its role is not to determine the truth of the matter. *Id.*, at 249-50. However, Plaintiff has failed to create an issue of fact as to whether Raviv was domiciled in Indiana in March 2017. It has created a question of fact as to where he was domiciled after December 2017, but that is not relevant to the question of whether the March 2017 transfer was voidable. The transfer is voidable if it reduced the assets available to satisfy the debts of Raviv; if Raviv was domiciled in Indiana on March 16, 2017, the Vernon Woods Property was not an asset available to satisfy the debts of Raviv, and therefore, the transfer would not have reduced the assets available to pay Raviv's individual debts. Because Plaintiff must establish all three prongs of a fraudulent transfer, (status as a creditor, reduction of available assets, and actual or constructive fraud) if it cannot establish any one of the three, it cannot successfully void the transfer. Ind. Code §§ 32-18-2-14; 15. Because Plaintiff has neither provided factual support for nor created a question of fact about a genuine issue of a fact which is relevant to its claims, the Court need not resolve whether Plaintiff was a creditor or whether there was an intent to defraud or a lack of consideration. Accordingly, Defendants are entitled to summary judgment. *Matsushita Elec.*, 475 U.S. at 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'").

## V. Conclusion

Accordingly, the Court **GRANTS** the Motion for Summary Judgment [DE 71] and **ENTERS** judgment in favor of Defendants Raviv Wolfe and Katherine Wolfe and against Plaintiff.

SO ORDERED this 2nd day of August, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record